# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUANE BAKKEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A. K. SCRIBNER, et.al.,<br><br>　　　　Respondents. | 1:05-cv-1133 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE SECOND AMENDED PETITION<br><br>[Doc. 50] |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Meredith Fahn, Esq.

### BACKGROUND

　　　　Petitioner is currently serving a sentence of twenty-five years to life following his conviction of being an inmate in possession of a weapon. Petitioner filed a timely appeal, and the California Court of Appeal affirmed the judgment. The California Supreme Court denied review on June 9, 2004.

　　　　Petitioner filed the original federal petition in this case on September 7, 2005. Petitioner filed an amended petition on December 11, 2005.

　　　　On November 22, 2005, Petitioner filed a state habeas corpus petition in the Kings County Superior Court. The petition was denied on March 10, 2006.

　　　　In the meantime, on February 22, 2006, Petitioner filed a motion to stay and hold the petition in abeyance pending exhaustion. On February 27, 2006, Respondent filed a non-

1 opposition motion.

2 On March 7, 2006, the Court granted Petitioner's motion to stay the instant petition and
3 directed Petitioner to file a status report every sixty days thereafter.

4 On April 10, 2006, Petitioner filed a petition in the California Court of Appeal, Fifth
5 Appellate District. The petition was denied on December 7, 2006.

6 On December 20, 2006, Petitioner filed a petition for review in the California Supreme
7 Court. On February 28, 2007, the petition for review was granted and the matter was transferred
8 to the state appellate court with directions to issue an order to show cause why Petitioner was not
9 entitled to relief based on ineffective assistance of trial counsel.

10 On March 6, 2007, the Fifth Appellate District vacated its December 7, 2006 order
11 denying the habeas petition. The appellate court then issued an order to show cause why
12 Petitioner was not entitled to relief based on ineffective assistance of trial counsel. The appellate
13 court also ordered a hearing on the issue.

14 An evidentiary hearing was held over several days in early 2008. The court denied the
15 habeas petition thereafter.

16 Petitioner filed a habeas petition in the Fifth Appellate District on August 27, 2009. The
17 petition was denied on December 10, 2009.

18 Petitioner filed a petition for review on December 23, 2009. The petition was denied on
19 February 18, 2010.

20 Petitioner filed a second amended petition in this Court on March 22, 2010.

21 Respondent filed a motion to dismiss the second amended petition contending two claims
22 are unexhausted and several sub-claims are untimely and do not relate back to the original
23 petition.

24 Petitioner filed an opposition to the motion to dismiss on July 6, 2010, and Respondent
25 filed a reply on August 6, 2010.

26 On July 15, 2010, Petitioner filed a motion requesting the Court to order Respondent to
27 lodge copies of all of Petitioner's state court filings in connection with the motion to dismiss.
28 Respondent filed an opposition on July 21, 2010, and Petitioner filed a reply on this same date.

DISCUSSION

I.  Claims One and Two of Second Amended Petition are Unexhausted

Respondent argues and Petitioner concedes that Claims One and Two of the Second Amended Petition are unexhausted and must be dismissed from the petition.

II.  Relation Back of Certain Subclaims to Original Federal Petition

Petitioner's one-year statute of limitations under the AEDPA was set to expire on September 8, 2005, and the original petition was timely filed on September 7, 2005. However, Petitioner did not add certain subclaims to his petition until March 24, 2010. Thus, unless those subclaims "relate back" to the original, and timely, filed petition, they are barred from consideration. Mayle v. Felix, 545 U.S. 644, 664 (2005).

Under Rule 15(c)(2), an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." In Mayle v. Felix, the Supreme Court stated that "[s]o long as the original and amended petitions state claims that are tied to a *common core of operative facts*, relation back will be in order." 545 U.S. at 664. An amended habeas petition does not relate back (and thereby escape the one-year time limit) when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 657 (claim in amended petition that petitioner's statements were obtained by coercion did not relate back to confrontation claim in original petition).

    A.  Claim Three/Subclaim that Defense Counsel Failed to Communicate with Petitioner

Respondent argues with respect to claim three, the subclaim that defense counsel failed to communicate with Petitioner does not relate back to the original petition and is therefore untimely. Petitioner contends this subclaim was presented in the original petition as part of ground three along with support in the declaration of Petitioner. Respondent counters that the substance of the original claim in ground three of the initial petition was that Petitioner was denied his right to testify. Petitioner elaborated that he expressed his desire to testify to his

counsel but he was not afforded that opportunity.

The Court finds this subclaim relates back to Ground Three of the original petition. In the original petition, Petitioner specifically argued that he wished to testify and expressed such to his trial counsel, yet he was not afforded such opportunity. The original petition also references and incorporates the attached declaration by Petitioner, which states that defense counsel failed to communicate with him in any manner. Thus, this claim is the same in time and type and relates back to Ground Three of the original petition.

      B.      Ground Five/Subclaim Trial Counsel Failed to Interview Correctional Officer Musleh

Respondent argues that with respect to ground five the claim that trial counsel failed to interview correctional officer Musleh does not relate back to the original petition. Petitioner contends that he presented this claim in ground ten of the original petition. In Ground Ten of the original petition, Petitioner alleges that trial counsel failed to investigate the case prior to trial and neglected to hire an investigator. The instant claim that trial counsel failed to interview Correctional Officer Musleh arises from the same conduct or occurrence, i.e. counsel's alleged misfeasance prior to trial in investigating and preparing the case for trial. The original claim provided notice that Petitioner alleges counsel did no investigation into his defense and are based on the same theory. Therefore, this claim relates back to Ground Ten of the original petition and is therefore timely.

      C.      Ground Five/Subclaim Trial Counsel Failed Present Evidence of an Inadequate Crime Scene Preservation

Respondent also argues with respect to ground five that the subclaim of counsel's failure to present evidence of inadequate law-enforcement investigation does not relate back to the original petition. Petitioner contends this claim was presented in ground ten of the original petition.

As previously stated, ground ten of the original petition alleged the failure of counsel to investigate the case prior to trial. The Court finds this claim relates back to Ground Ten of the original petition as it involves the same occurrence, same time in the proceedings, and same theory of the case. Accordingly, this claim is not barred by the statute of limitations.

D.  Ground Five/Subclaim Counsel Failed to do Site Inspection

Respondent finally argues with respect to ground five that counsel's failure to do a site inspection does not relate back to the original petition. Petitioner again argues that this claim was presented as ground ten of the original petition and in the exhibits attached to the petition. Again, as previously mentioned, ground ten concerns trial counsel's alleged failure to obtain an investigator before trial. Because this claim is based on counsel's failure to investigate and involves the same common core of operative facts, it relates back to Ground Ten and is timely.

Because the Court finds that the subclaims set forth in Respondent's motion to dismiss all relate back to the original, and timely, filed petition, the Court need not reach Petitioner's argument regarding the availability of statutory and equitable tolling of the limitations period.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Claims One and Two the Second Amended Petition be DISMISSED without prejudice for failure to exhaust the state court remedies; and

2. Respondent's motion to dismiss the above referenced subclaims of Grounds Three and Five of the Second Amended Petition be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served

///
///
///
///
///
///

and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 21, 2011**                             /s/ Dennis L. Beck
                                                          UNITED STATES MAGISTRATE JUDGE